NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DAVID THOMAS MELLO, *Appellant*.

No. 1 CA-CR 21-0539
FILED 9-29-2022

Appeal from the Superior Court in Mohave County
No. CR-2020-00095
The Honorable Billy K. Sipe, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Peter B. Swann joined.

**P A T O N**, Judge:

¶1            David Thomas Mello appeals from his conviction for unlawful flight from law enforcement. We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2            In December 2019, a Mohave County deputy sheriff drove his fully-marked patrol vehicle to a specific residence in search of Mello, who had active warrants for his arrest. The deputy reviewed a photograph of Mello before arriving at the residence. Mello was not there, but another resident confirmed Mello was frequently at the residence and drove a white Ford pickup truck with a camper shell.

¶3            Soon after the deputy left the residence, he saw a vehicle driving toward him on the wrong side of the road. The vehicle matched the description of Mello's truck and the deputy identified Mello as its driver. The deputy activated his lights and siren and pursued the vehicle in an attempt to pull Mello over. Mello accelerated from about 35 to 55 miles per hour, engaged in evasive maneuvers, and did not stop. The deputy terminated his pursuit for safety reasons.

¶4            About ten days later while on patrol near the residence of his original search, the deputy identified Mello as a passenger in a different vehicle. The deputy stopped the vehicle and arrested Mello. Mello was indicted for unlawful flight from a pursuing law enforcement vehicle, a class 5 felony, in violation of A.R.S. § 28-622.01 and -624(C).

¶5            At Mello's trial, the State introduced evidence that Mello had active warrants for his arrest. The prosecutor referred to Mello's warrants twice in her opening statement and warned the jury they could not "speculate as to why there was a warrant out" and that the warrant was an "unrelated matter" they could not consider in their deliberations. The deputy who arrested Mello—the only witness called at trial—testified that he was looking for Mello because of Mello's active arrest warrants and that Mello said he knew he was being arrested based on his outstanding warrants when he was arrested ten days later.

¶6            Before closing arguments, the judge sua sponte determined that a limiting instruction regarding the warrant testimony should be provided and prompted defense counsel to request one. The parties agreed to an instruction that the testimony was admitted only for the purpose of explaining why the deputy was looking for Mello and it should not be used

for any other purpose.  Mello never objected to the warrant testimony and the State did not object to the limiting instruction.

**¶7**　　　　The jury found Mello guilty as charged.  Mello filed a timely notice of appeal, and we have jurisdiction under the Arizona Constitution Article 6, Section 9, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A).

## DISCUSSION

**¶8**　　　　Because Mello failed to object to the admission of the testimony he now challenges, we review for fundamental error.  *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005).  If error exists, we must consider the totality of circumstances to determine whether the error is fundamental.  *See State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018).  The defendant has the burden to establish fundamental error by showing that "(1) the error went to the foundation of the case, (2) the error took from the defendant a right essential to his defense, or (3) the error was so egregious that [the defendant] could not possibly have received a fair trial."  *Id.* (Emphasis omitted).  To establish fundamental error after a showing of either of the first two factors, the defendant then "must make a separate showing of prejudice . . . ." *Id.*  This requires proof that "a reasonable jury . . . could have reached a different [verdict]." *Id.* at 142, 144, ¶¶ 21, 29 (citation omitted) (emphasis omitted).

**¶9**　　　　We find that Mello has not met his burden of establishing prejudicial fundamental error.  Even assuming that the admission of the warrant testimony was error, Mello has not shown that it (1) went to the foundation of the case, (2) took from him a right essential to his defense, or (3) was so egregious that he could not have received a fair trial.

**¶10**　　　　First, "[a]n error . . . goes to the 'foundation of a case' if it relieves the prosecution of its burden to prove a crime's elements, directly impacts a key factual dispute, or deprives the defendant of constitutionally guaranteed procedures." *Escalante*, 245 Ariz. at 141, ¶ 18.  Admission of the warrant testimony did not relieve the State from proving either that Mello fled from or attempted to elude a pursuing law enforcement vehicle or that the law enforcement vehicle was appropriately marked. *See* A.R.S. § 28-622.01 and -624(C) (elements of unlawful flight from pursuing law enforcement vehicle).

**¶11**　　　　Further, admission of the warrant testimony did not impact—or even implicate—a key factual dispute.  Neither party disputes that the deputy was searching for Mello, and the existence of the warrants does not bear on the disputed fact of whether Mello "wilfully fl[ed] or attempt[ed]

to elude [the] pursuing" deputy. *See* A.R.S. § 28-622.01 (unlawful flight from pursuing a law enforcement vehicle). Mello's concession that the State "could have easily said that police had other investigative reasons to stop his vehicle" illustrates the peripherality of the warrant testimony to the State's case. The admission of the testimony did not deprive Mello of any constitutionally guaranteed procedures.

**¶12** Second, "[a]n error takes away an 'essential right' if it deprives the defendant of a constitutional or statutory right necessary to establish a viable defense or rebut the prosecution's case." *Escalante*, 245 Ariz. at 141, ¶ 19. Mello does not argue that the alleged error deprived him of any specific constitutional or statutory right, and we find no such deprivation.

**¶13** Finally, to show "an error so egregious that a defendant could not possibly have received a fair trial," "the error must so profoundly distort the trial that injustice is obvious without the need to further consider prejudice." *Id.* at 142, ¶ 20. The superior court sua sponte suggested a limiting instruction and Mello's counsel agreed to the limiting instruction, which was read to the jury. We presume the jury followed the court's instructions. *State v. Newell*, 212 Ariz. 389, 403, ¶ 68 (2006).

**¶14** On this record, we find that admission of the warrant testimony, even if error, was not so egregious that it deprived Mello of a fair trial.

## CONCLUSION

**¶15** Finding no fundamental prejudicial error, we affirm.

